# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　No. 20-CR-299

Hardy Lee Browner

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, a detention hearing was held pursuant to 18 U.S.C. § 3142(f) to determine whether there are conditions of release that will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community.

In making the determination, the Court considered the factors set forth in 18 U.S.C. § 3142(g): (1) the nature and circumstances of the offense charged; (2) the weight of the evidence of the offense charged; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

Based upon the information presented and the factors considered, the Court has determined that the defendant must be detained pending trial because no conditions of release will reasonably assure:

☐ the appearance of the defendant as required;

☑ the safety of any other person and the community

## PART I -- FINDINGS OF FACT

☐ **Rebuttable Presumption** (Previous violator): The Court finds that there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. This presumption exists because:

(a) the defendant is charged in a case that involves:

　　(1) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

　　(2) an offense for which the maximum sentence is life imprisonment or death; or

　　(3) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq., the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46;

(b) the defendant has been convicted of a Federal offense that is described in paragraph (a) above, or of a State or local offense that would have been such an offense if a circumstances giving rise to Federal jurisdiction had existed;

(c) the offense described in subparagraph (b) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; and

(d) a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in subparagraph (b) above, whichever is later.

☐ **Rebuttable Presumption** (Narcotics/firearm offenses): The Court finds that there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed:

(a) an offense for which a maximum term of imprisonment is ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46;

(b) an offense under 18 U.S.C. § 924(c), 956(a), or 2332(b);

(c) an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years years or more is prescribed.

(d) an offense under chapter 77 of Title 18 for which a maximum term of imprisonment of 20 years or more is prescribed; or

(e) an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of Title 18.

☐ The defendant has not rebutted the presumption.

☐ The defendant has rebutted the presumption.

☑ The government has proved by clear and convincing evidence that the defendant is a danger to the community and that no condition or combination of conditions of release would reasonably assure the safety of the community.

☐ The government has proved by a preponderance of the evidence that there is a serious risk that the defendant would flee if released pending trial and that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required.

## PART II -- STATEMENT OF REASONS FOR DETENTION

The Court provided a statement of the reasons for detention in open court at the conclusion of the detention hearing with reference to the factors set forth in 18 U.S.C. § 3142(g). In the event that the defendant seeks review of this order of detention, the defendant must obtain a transcript of the Court's ruling and attach it to this order. The reasons for detention included:

☐ Lack of stable employment

☑ Prior criminal history

☐ Lack of significant community or family ties in the Northern District of Illinois

☐ Existence of significant family or other ties outside the United States

☐ History of alcohol or substance abuse

☐ Prior failure to appear in court as ordered

☐ Prior attempt(s) to evade law enforcement

☐ Facing lengthy period of incarceration if convicted

☐ Facing deportation after serving any period of incarceration

☐ Past use of alias names

| | |
|---|---|
| ☐ | Weight of evidence against the defendant is strong |
| ☑ | History of violence or use of weapons |
| ☐ | On probation or parole, or on release for another offense, at time of current offense or arrest |

OTHER REASONS:

The Court adopts the factual findings contained in the Pretrial Services Report and Addendum. Additionally, the Court notes that Government's Group Exhibit 1 conveyed information showing that the Defendant engaged in a sexual relationship with a minor and discussed hiring the child out for prostitution. In addition, the Court finds that he poses a risk of danger because of his mental health history, criminal activity while under supervision, juvenile adjudication for an offense that is sexual in nature, prior arrests and convictions that are violent in nature and prior arrests involving a weapon.

### PART III -- DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

### PART IV -- APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Court.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Court to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

DATE: 07/06/2020

Maria Valdez

United States Magistrate Judge