UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HARDY LEE BROWNER | No. 20 CR 299<br><br>Judge Robert M. Dow, Jr. |

**GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER PURSUANT TO SECTION 3 OF THE CLASSIFIED INFORMATION PROCEDURES ACT**

The United States of America, by and through JOHN R. LAUSCH, Jr., United States Attorney for the Northern District of Illinois, moves for a Protective Order pursuant to Section 3 of the Classified Information Procedures Act ("CIPA"), Title 18, U.S.C. Appendix III, to allow cleared counsel for the defendant to review classified material. The government also attaches a proposed Protective Order.

This a criminal matter in which the grand jury has returned an indictment charging the defendant with knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation to the FBI in a matter involving international terrorism, in violation of 18 U.S.C. § 1001(a)(2). The government anticipates providing cleared counsel for the defendant with access to material classified at the "Secret" level. The proposed Protective Order Pursuant to Section 3 of CIPA will give properly cleared defense counsel access to classified discovery and at the same time restrict

defense counsel from sharing the material itself, or its contents, with anyone other than their own properly cleared employees or other personnel (who will also be required to obtain the proper clearance) who are necessary to assist in the preparation of this case.

Section 3 of CIPA mandates that the district court issue a protective order upon the motion of the United States to protect against the disclosure of any classified information that is disclosed by the government to the defense. Section 3 was intended "to codify the well-established practice, based on the inherent authority of federal courts, to issue protective orders," *United States v. Pappas*, 94 F.3d 795, 801 (2d Cir. 1996) (quoting CIPA legislative history H.R. Rep. No. 831, 96th Cong., 2d Sess., pt. 1 (1980)), as well as to supplement the district court's authority under Federal Rule of Criminal Procedure 16(d)(1) to issue protective orders in connection with the discovery process.[1] In contrast to Rule 16(d)(1)'s discretionary authority, however, Section 3 "makes it clear that protective orders are to be issued, if requested, whenever the government discloses classified information to a defendant in connection with a prosecution, *e.g.*, Brady and Jencks material." *Id.*

For the reasons stated, the government requests that the Court issue the proposed Protective Order Pursuant to Section 3 of the Classified Information

---

[1] Rule 16(d)(1) provides in relevant part that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

Procedures Act so that appropriately cleared counsel for the defendant may review the classified discovery material, if they wish to do so, and so that sensitive discovery materials may be disseminated to the defense.

                                Respectfully submitted,

                                JOHN R. LAUSCH, Jr.
                                United States Attorney

By:   /s/ *Barry Jonas*
        BARRY JONAS
        JORDAN MATTHEWS
        Assistant U.S. Attorneys
        219 South Dearborn St., Rm. 500
        Chicago, Illinois 60604
        (312) 353-5300

Dated: July 13, 2020